<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH OETTINGER, III, | : | |
|  | : | Civil Action No. 10-612 (KSH) |
| Plaintiff, | : | |
| v. | : | |
|  | : | |
| TOWNSHIP OF BEDMINSTER, et al., | : | |
|  | : | |
| Defendants. | : | |

**SHIPP, United States Magistrate Judge**

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff Joseph Oettinger, III's ("Plaintiff") Motion to Remand. For the reasons set forth below, the undersigned respectfully recommends that the Court grant Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff moves to remand this matter to the Superior Court of the State of New Jersey, Bergen County. Plaintiff sued the Township of Bedminster, County of Somerset, Borough of Westwood, Nanci Arraial and Robert Saul for alleged violations of New Jersey Statutes 2A:84A-21.9, 2A:84A-21.10, 10:6-2C and Paragraphs 6 and 7 of Article I of the New Jersey Constitution. (Pl.'s Moving Br. 1.) According to Plaintiff, no federal claims appear on the face of his complaint. (*Id.*) Plaintiff asserts that he may avoid federal jurisdiction by exclusive reliance on state law in his complaint. (*Id.*)

Defendants Township of Bedminster and Nancy Arraial ("Defendants") contend in the Notice of Removal ("Notice") that this Court has jurisdiction over the matter because the

Plaintiff alleged violations of 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and made claims that Defendants engaged in violations of his rights pursuant to the United States Constitution. (Notice 1, ¶ 1.) Defendants state that a fair reading of Plaintiff's complaint demonstrates that Plaintiff seeks to recover monetary damages against police officers acting under color of law, which is "more in the form of a violation of § 1983." (Defs.' Opp'n Br. 3.) Defendants also argue that a federal question is implicated because Plaintiff's claim involves the use of an internet website and the internet site is used in interstate commerce. (*Id.*) Finally, Defendants assert that Plaintiff raises a federal question by his reference to Federal Statute 42 U.S.C. § 2000. (Defs.' Opp'n Br. 2.)

## II.   DISCUSSION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under the well-pleaded complaint rule, the Plaintiff decides what claims to raise in his complaint. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon."); *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law, e.g., claims under 42 U.S.C. § 1983"). Moreover, it is well settled that a federal question is not raised when a federal defense is invoked to a state law claim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("Congress has long since decided that federal defenses do not provide a basis for removal").

In the present case, a good faith reading of Plaintiff's complaint reveals a complete absence of federal claims. While Plaintiff could certainly have raised federal claims, Plaintiff's carefully crafted complaint belies such intent. Indeed, Plaintiff even qualified potentially

ambiguous allegations by reference to the New Jersey Constitution. For example, Plaintiff stated in Paragraph 10 of his complaint that "[h]is engagement in said activities is a valid exercise of his right to freely speak . . . secured by Article I, Paragraph 6 of the New Jersey Constitution." Notably, Plaintiff did not directly reference any federal constitutional provisions in his complaint.

Plaintiff also did not refer to any federal statutes in his complaint. (*See* Compl.) While Defendant correctly notes that Plaintiff *could* have raised a § 1983 claim, Plaintiff's complaint *did not* raise a claim pursuant to 42 U.S.C. § 1983. (*See* Compl.) In addition, Plaintiff refers to an internet website in the complaint in reference to his New Jersey Constitutional claim,[1] not as an independent claim. Moreover, since Plaintiff did not attempt to raise a claim under the Commerce Clause, federal jurisdiction is inappropriate.[2] *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809, n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

Defendants' other arguments equally fail. Defendants allege that "the plaintiff established a website for the purpose of harassing another individual . . . [raising] issues concerning what other websites the Plaintiff created." *Id*. Even if true, this does not describe a federal claim. Additionally, Defendants argue that Plaintiff's complaint raises a federal question because it refers to 42 U.S.C. § 2000. (Defs.' Opp'n Br. 2.) This argument is not supported by the record. A careful reading of the Complaint makes it clear that Plaintiff does not refer

---

[1] Plaintiff alleges that Defendants violated Article 1, Paragraph 6 of the New Jersey State Constitution. (*See* Compl. ¶ 31).

[2] Significantly, the Commerce Clause is a source of Congressional power to pass *other* laws, upon which one can assert a claim. *See* U.S. Const. art. I, § 8, cl. 3. Therefore, Defendants' statement that "there are issues concerning Interstate commerce" would only be relevant if Plaintiff asserted violation of a law entered pursuant to the Commerce Clause. Plaintiff did not make such an assertion and, therefore, did not raise a federal question under the Commerce Clause.

specifically or directly to the federal statute. Rather, Plaintiff cites to the New Jersey Computer Evidence Search and Seizure Manual which *itself* refers to 42 U.S.C. § 2000. Thus, Plaintiff only referenced a federal statute to support his state law claim that Defendants violated New Jersey Statute 2A:84A-21.9. In no sense did Plaintiff assert a federal claim by his reference to 42 U.S.C. § 2000.

### III. CONCLUSION

A consideration of the pleadings leads the undersigned to conclude that this Court lacks subject matter jurisdiction. Therefore, the undersigned respectfully recommends that the Court remand the matter to state court in accordance with 28 U.S.C. § 1447(c).[3]

                                                                                               s/ Michael A. Shipp
                                                                                               **HONORABLE MICHAEL A. SHIPP**
                                                                                               **UNITED STATES MAGISTRATE JUDGE**

Dated: July 19, 2010

---

[3] Plaintiff also raised the argument that all properly served Defendants have not joined in the removal. The undersigned did not address Plaintiff's alternative argument based on the strength of Plaintiff's primary argument. However, the Court notes that Defendants did not dispute Plaintiff's assertion in their opposition papers to the within motion.