NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH OETTINGER, III, | Civ. Action No. 10-612 |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| TOWNSHIP OF BEDMINSTER, et al., | |
| Defendants. | |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Michael A. Shipp [D.E. 16] filed on July 19, 2010, recommending that the motion to remand [D.E. 12] this matter back to New Jersey state court, filed by plaintiff Joseph Oettinger, III, be granted. No objections to the R&R have been filed by any party.[1]

When no objections are made to a magistrate judge's R&R, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987) (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court").

---

[1] Objections were due by August 2, 2010.

1

Magistrate Judge Shipp recommends granting plaintiff's motion for remand, which was brought pursuant to the well-pleaded complaint rule, which is grounded in long-standing case law. "[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law, e.g., claims under 42 U.S.C. § 1983." (R&R 2) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). The party bringing suit necessarily decides the law under which its claims will be advanced. (R&R 2) (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)).

In deciding the present motion, Magistrate Judge Shipp correctly applied the well-pleaded complaint rule to show a lack of federal subject matter jurisdiction. (R&R 4). Plaintiff did not put forth a single federal law claim, and none of plaintiff's state law claims relies on the U.S. Constitution. (*Id.* 2-3). While plaintiff could have advanced federal law claims, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." (*Id.* 3) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809, n.6 (1986)). Additionally, subject matter jurisdiction may not be satisfied by a federal law defense to a state law claim. (R&R 2) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987)). "'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" (R&R 2) (citing 28 U.S.C. § 1447(c)).

Having reviewed and considered the issues of the case and the findings of Magistrate Judge Shipp, the Court is satisfied that there is no clear error on the face of the record to warrant denial of the R&R. The Court further notes that neither party has objected to Magistrate Judge Shipp's R&R and that there is no clear error on the face of the record. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level").

Good cause appearing,

**IT IS** on this 3rd day of August, 2010, hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Shipp [D.E. 16] is adopted and incorporated as the opinion of this Court; and it is further

**ORDERED** that plaintiff's motion to remand [D.E. 12] is granted.


/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.